1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   120 Howard Street, Suite 520
3  San Francisco, CA 94105
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiff
   BAY AREA PAINTERS AND TAPERS
7  PENSION FUND, et al.

8                                   E-filing

9

10                    UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12
    BAY AREA PAINTERS AND TAPERS            Case No. C 07 4703
13  PENSION FUND, BAY AREA PAINTERS
    AND TAPERS HEALTH FUND, BAY AREA        COMPLAINT
14  PAINTERS AND TAPERS JOINT
    APPRENTICESHIP TRAINING FUNDS,
15  AND THEIR JOINT BOARDS OF                                         EDL
    TRUSTEES; LES PROTEAU AND CHARLES
16  DEL MONTE, AS TRUSTEES; AND
    DISTRICT COUNCIL 16 OF THE
17  INTERNATIONAL UNION OF PAINTERS
    AND ALLIED TRADES;
18
19       Plaintiffs,

20  v.

21  RANDY THOMPSON PAINTING, INC., a
    California Corporation, and RANDY RAY
22  THOMPSON, an Individual,

23       Defendants.

24
                              Parties
25
26       1.    The Bay Area Painters and Tapers Pension Fund ("Pension Fund"), the Bay Area

27  Painters and Tapers Health Fund ("Health Fund"), and the Bay Area Painters and Tapers

28  Apprenticeship Training Fund ("Apprenticeship Fund") are employee benefit plans as defined in
                                                                                      COMPLAINT
                                                                                      Case No.:

1  the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Boards of Trustees of those Funds are the Funds' named fiduciaries under ERISA § 402(a), 29 U.S.C. § 1002(a). Les Proteau is the Chairman and Charles Del Monte is the Secretary of the Joint Boards of Trustees of the Plaintiff Funds and are fiduciaries of those Funds.

2.   District Council 16 of the International Union of Painters and Allied Trades, ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5).

3.   RANDY THOMPSON PAINTING, INC. and RANDY RAY THOMPSON are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

4.   The Pension Fund, Health Fund, Apprenticeship Funds, and their fiduciaries are herein referred to as "ERISA Plaintiffs."

Jurisdiction

5.   Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6.   Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the employer and a labor organization. Jurisdiction is proper in this District in that the Plaintiff union maintains its principal office in this District and its authorized officers and agents are engaged in representing or acting for its employee members in this District.

///

7.  To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, Supplemental Jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

8.  Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

9.  Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

## Intradistrict Assignment

10. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiff Funds and union dues, were administered during the period claimed herein, and where defendants therefore failed to fulfill its statutory and contractual obligations to the plaintiffs.

## Bargaining Agreement

11. The Union and defendants entered into a collective bargaining agreement requiring employer contributions to the Plaintiff Funds, and to the Union for union dues and to other funds more fully described under Schedule A of the Collective Bargaining Agreement. That Agreement is referred to herein as the "Bargaining Agreement," and the ERISA Plaintiffs are third party beneficiaries of that Bargaining Agreement.

12. Plaintiff Boards of Trustees are the assignees of monies due under the Bargaining Agreement for the Work Preservation Fund, a California non-profit organization; for the Labor Management Cooperation Initiative, for the Employers Administrative Fund, and for Beneficial & Holiday contributions (the "Funds").

13. Under the terms of said Bargaining Agreement and of the governing documents of the Plaintiff Plans which documents are incorporated into the Bargaining Agreement and made binding on defendants, defendants are required to submit monthly reports of hours worked by its employees, and to regularly pay to the Plaintiff ERISA Funds, to the Union for union dues, and to the Funds, certain sums of money, the amounts of which are determined by the hours worked by employees of defendants, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Funds, defendants agreed to pay liquidated damages for each delinquent payment, which became part of the contributions. Defendants further agreed to pay interest on the combined contributions and liquidated damages at the rates set by the Bargaining Agreement, from the day immediately following the date that each such payment became due until paid in full, all as more fully set forth in said Bargaining Agreement. Defendants further agreed to permit an authorized Trust Fund representative to examine such records of defendants as are necessary to determine whether defendants has made full payment of all sums owed to the Plaintiffs, and to pay all sums found due on audit, all as more fully set forth in said governing documents, as amended, and incorporated into the Bargaining Agreement.

Facts

14. Defendants have failed to pay amounts found due on audit for the period January 1, 2004 through December 31, 2005.

///

15. On several occasions, demand was made on defendants on behalf of plaintiffs, for payment of all delinquent contributions, liquidated damages and interest due to the ERISA Plaintiff Funds, the Union, and the Funds. Defendants have failed and refused to make payment of the amounts due claimed herein, as required by the Bargaining Agreement.

16. Defendants have a statutory duty to make the required payments timely to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and by failing to make such timely payments has violated the law.

17. Defendants have a contractual duty under the Bargaining Agreement to report and timely pay the required contributions, liquidated damages and interest to the ERISA Plaintiffs and the Funds, and to timely make the required payment of union dues to the Union. By failing to report and make such payments, defendants have breached said duty.

18. Defendants' failure and refusal to timely submit the aforesaid reports and payments as alleged herein was at all times, and still is, willful. Said refusal is unjustified and done with malicious intent. Defendants' failure to timely report and make such payments in compliance with the Bargaining Agreement has reduced the corpus of the ERISA Plaintiff funds and operating ability of the Union, thereby impairing their ability to pay or provide benefits to members and beneficiaries, and thereby causing harm to all ERISA Plaintiffs funds and to the Union. Defendants' obligations pursuant to the Bargaining Agreement are continuing obligations; defendants continue to breach said Bargaining Agreement by failing and refusing to timely pay monies due thereunder to the Plaintiff Funds and the Union. Plaintiffs are informed and believe, and therefore allege, that defendants will continue to willfully refuse to make said payments unless ordered by this Court to comply.

19. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless defendants are ordered specifically to perform all

obligations required on defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the Plaintiffs Funds referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against defendants as follows:

    a. For unpaid contributions for hours worked during the period beginning January 1, 2004, as specified above and thereafter through judgment;

        (1) To the ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreement;

        (2) To the Union in accordance with the Bargaining Agreement.

    b. Liquidated damages on late paid and unpaid contributions in an amount provided for under the Bargaining Agreement and governing documents of the Plaintiff Funds and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(c), 29 U.S.C. Section 1132(g)(2)(c).

    c. Interest on late paid and unpaid contributions, dues and liquidated damages which become a part thereof, at the rates set in accordance with the Bargaining Agreement, the governing documents of the Plaintiff Funds and the ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B), with respect to the ERISA Plaintiffs, and the Union, in accordance with the Bargaining Agreement.

2. For any additional contributions and dues payable to plaintiffs at time of judgment, plus interest and liquidated damages as above provided and in accordance with the Bargaining Agreement, the governing documents of the Plaintiff Funds, and with respect to the ERISA

-6-
COMPLAINT
Case No.:

1  Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

2      3.    For an order enjoining defendants from violating the terms of the Bargaining Agreement and the governing documents referred to therein.

    4.    ERISA Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); reasonable attorneys' fees and costs in accordance with the Bargaining Agreement and with LMRA Section 301, 29 U.S.C. § 185 for all plaintiffs.

    5.    That the Court retain jurisdiction of this case pending compliance with its orders.

    6.    For such other and further relief as the Court may deem just and proper.

Dated: September 11, 2007    SALTZMAN & JOHNSON LAW CORPORATION

By: _____
Muriel B. Kaplan
Attorneys for Plaintiffs