ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
William M. Woolman, State Bar No. 145124
David A. Soldani, State Bar No. 210302
555 West Shaw Avenue, Suite C-1
P.O. Box 5394
Fresno, California 93755-5394
Telephone: (559) 225-6700
Facsimile: (559) 225-3416
E-Mail: wwoolman@aalrr.com
         dsoldani@aalrr.com

Attorneys for Randy Thompson Painting, Inc.,
and Randy Thompson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARDS OF TRUSTEES; LES PROTEAU AND CHARLES DEL MONTE, as Trustees; and DISTRICT COUNSEL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, <br><br> Plaintiffs, <br><br> vs. <br><br> RANDY THOMPSON PAINTING, INC., a California corporation, and RANDY RAY THOMPSON, an individual, <br><br> Defendants. | CASE NO.:  C-07-4703-EDL <br><br> **ANSWER TO COMPLAINT** |

Defendant RANDY RAY THOMPSON, an individual, ("Defendant") answers for himself alone, Plaintiffs' Complaint as follows:

/ / /

## ANSWER TO PURPORTED PARTY AVERMENTS

1. Defendant has insufficient information or belief to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint and on that basis denies both generally and specifically the allegations contained therein.

2. Defendant has insufficient information or belief to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint and on that basis denies both generally and specifically the allegations contained therein.

3. Defendant has insufficient information or belief to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint and on that basis denies both generally and specifically the allegations contained therein.

4. Defendant has insufficient information or belief to either admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint and on that basis denies both generally and specifically the allegations contained therein.

## ANSWER TO PURPORTED JURISDICTIONAL AVERMENTS

5. Defendant has insufficient information or belief to either admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint and on that basis denies both generally and specifically the allegations contained therein.

6. Defendant has insufficient information or belief to either admit or deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint and on that basis denies both generally and specifically the allegations contained therein.

7. Defendant has insufficient information or belief to either admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint and on that basis denies both generally and specifically the allegations contained therein.

## ANSWER TO PURPORTED VENUE AVERMENTS

8. Defendant denies both generally and specifically the allegations contained in Paragraph 8.

9. Defendant denies both generally and specifically the allegations contained in

1  Paragraph 9.

**ANSWER TO PURPORTED INTRADISTRICT ASSIGNMENT AVERMENTS**

10.  Defendant denies both generally and specifically the allegations contained in Paragraph 10.

**ANSWER TO PURPORTED BARGAINING AGREEMENT AVERMENTS**

11.  Defendant admits the allegations contained in Paragraph 11.

12.  Defendant has insufficient information or belief to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint and on that basis denies both generally and specifically the allegations contained therein.

13.  Defendant has insufficient information or belief to either admit or deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint and on that basis denies both generally and specifically the allegations contained therein.

**ANSWER TO PURPORTED FACTUAL AVERMENTS**

14.  Defendant denies both generally and specifically the allegations contained in Paragraph 14.

15.  Defendant denies both generally and specifically the allegations contained in Paragraph 15.

16.  Defendant denies both generally and specifically the allegations contained in Paragraph 16.

17.  Defendant denies both generally and specifically the allegations contained in Paragraph 17.

18.  Defendant denies both generally and specifically the allegations contained in Paragraph 18.

19.  Defendant has insufficient information or belief to either admit or deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint and on that basis denies both generally and specifically the allegations contained therein.

**ANSWER TO RELIEF REQUESTED IN PRAYER**

20.  Defendant denies both generally and specifically that Plaintiffs are entitled to any

of the relief requested in the Prayer of their Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint and all of the allegations therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have no standing to assert any of the claims alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the applicable statute of limitations under Section 301(a) of the Labor Management Relations Act of 1947, as Amended [29 U.S.C. Section 185(a)] and Section 502(a)(1) of the Employees Retire Income Security Act of 1974, as Amended [29 U.S.C. Section 1132(e)(1)].

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped to assert any liability against Defendant by reason of their own acts, omissions, representations, and courses of conduct, or those of its agents.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs, and each of them, have waived any and all claims alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint, and all of the allegations contained therein, is barred by Plaintiffs' unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and all of the allegations contained therein, is barred by the doctrine of in *pari delicto*.

### EIGHTH AFFIRMATIVE DEFENSE

This action is improperly venued.

### NINTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the matters alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

1  Plaintiffs, and each of them, have failed to mitigate their damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Any claim for liquidated damages is unenforceable as said damages constitute a penalty.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs, and each of them, failed to exhaust all administrative remedies necessary to assert the claims alleged in Plaintiffs' Complaint and therefore are barred from pursuing this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs, and each of them, failed to satisfy requisite conditions precedent necessary to assert the claims alleged in Plaintiffs' Complaint.

WHEREFORE, Defendant prays for judgment as follows:

1. That the Complaint be dismissed in its entirety with prejudice;
2. For costs of suit incurred herein;
3. For attorneys' fees; and
4. For such other and further relief as the Court may deem just and proper.

DATED: November 7, 2007

        ATKINSON, ANDELSON, LOYA, RUUD & ROMO


By:  s/_____
    William M. Woolman
    David A. Soldani
    Attorneys for Defendants Randy Thompson
    Painting, Inc., and Randy Ray Thompson

**PROOF OF SERVICE**

My business address is 555 West Shaw Avenue, Post Office Box 5394, Fresno, California 93755. I am employed in Fresno County, California. I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document(s) described as **ANSWER TO COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Muriel B. Kaplin, Esq.
Michele R. Stafford, Esq.
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, California 94105
Fax No.: (415) 882-9287

_____  (BY MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California.

_____  (BY PERSONAL SERVICE) I caused delivery of such envelope(s), by hand, to the office(s) of the addressee(s).

_____  (BY ELECTRONIC MAIL) I caused such documents to be scanned into PDF format and sent via electronic mail to the electronic mail addressee(s) of the addressee(s) designated.

_____  (BY FACSIMILE) I caused the above-referenced document to be delivered by facsimile to the facsimile number(s) of the addressee(s).

\_\_\_X\_\_\_  (BY OVERNIGHT MAIL) I caused the above-referenced envelope(s) to be delivered to an overnight courier service for delivery to the addressee(s).

EXECUTED ON November\_\_\_\_, 2007, at Fresno, California.

_____  (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

\_\_\_X\_\_\_  (FEDERAL) I declare that I am employed in this office of a member of the bar of this court at whose direction this service was made.

L. Lynne King