Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiff
BAY AREA PAINTERS AND TAPERS
PENSION FUND, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RANDY THOMPSON PAINTING, INC., and RANDY RAY THOMPSON, <br><br> Defendants. | Case No.: C07-4703 WHA <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:  January 24, 2008 <br> Time:  2:30 P.M.. <br> Courtroom: 9, 19th Floor <br> Judge:  The Honorable William H. Alsup |

The parties to the above-entitled action jointly submit this Case Management Statement:

1.   **Jurisdiction and Service**: There are no known issues regarding Jurisdiction, venue, nor any additional parties to be named or served.

2.   **Facts:** Defendant, Randy Thompson Painting Inc. is signatory to a Collective Bargaining Agreement requiring that certain contributions be made for each hour worked by its employees or other entities performing bargaining unit work. Plaintiffs performed a routine audit of defendant's records and found certain discrepancies of reported contributions, and found that defendant had not reported or paid contributions on another individual who was paid for

bargaining unit work. Defendants contend that contributions are not due for that individual under the Collective Bargaining Agreement and by agreement with the Union. Plaintiffs contend that neither the Union nor the Trust Funds were parties to any such agreement, and that contributions are due for work performed under the terms of the Bargaining Agreement. The audit was performed to confirm proper reporting and / or payment to the Trust Funds for the period from 2004–2005. Plaintiffs contend that defendants are employers under the terms of ERISA, and therefore jointly liable for plaintiffs' claims, including liquidated damages, interest, auditor's and attorneys' fees and costs, pursuant to the terms of the Bargaining Agreement and Trust Agreements.

3. **Legal Issues:** It did not appear that there were disputed points of law. Defendants today raised a "joint venture" issue which have been addressed, explored or documented.

4. **Motions:** Plaintiffs anticipate filing a Motion for Summary Judgment in the event that this matter does not resolve informally or by mediation. The parties have recently entered settlement discussions, and are attempting to come to terms.

5. **Amendment of Pleadings:** No amendments are anticipated.

6. **Evidence Preservation:** Not applicable.

7. **Disclosures:** The parties have made their initial Rule 26 disclosures. Additionally, plaintiffs provided a revised copy of the audit report and the total amount found due. The majority of the other documents that support plaintiffs' claims are already in defendant's possession---the Collective Bargaining Agreement, Contribution Reports submitted by defendant, and the 1099 forms issued to the individual now claimed as a joint venturer.

8. **Discovery:** No formal discovery has occurred to date.

9. **Class Actions:** This is not a class action.

10. **Related Cases:** There are no related cases.

11.  **Relief:** As of today's date, a total of $42,694.69 is claimed due by plaintiffs, including auditor's and attorney's fees and costs incurred to date.

12.  **Settlement and ADR:** The parties have agreed to mediation pursuant to ADR L.R. 6. The parties have begun pursuing resolution between them at this time in the interest of resolving the matter.

13.  **Consent to Magistrate:** The parties did not consent.

14.  **Other References:** Not applicable

15.  **Narrowing of Issues:** Defendants dispute that amounts are owed to Plaintiffs, based on an agreement with the Union that no Trust Fund contributions would be payable on the individual at issue. Plaintiffs, both Union and Trust Funds, maintain that neither is a party to any such agreement. Plaintiffs assert that the amounts due were found on audit of defendants' records, and are owed pursuant to the terms of the Trust Agreements and Collective Bargaining Agreement as well as the mandates of ERISA.

16.  **Expedited Schedule:** The parties are not of the view that this case can be handled on an expedited basis.

17.  **Scheduling:** The parties propose the following schedule, in the event they are unable to resolve the matter between them or by mediation:

| | |
|---|---|
| Designation of experts: | June 6, 2008 |
| Designation of rebuttal experts: | July 7, 2008 |
| Completion of discovery: | August 8, 2008 |
| Dispositive motions: | September 12, 2008 |
| Final Pretrial Conference: | November 10, 2008 |
| Trial: | January 30, 2009 |

18.  **Trial:** This is expected to be a 2-3 day bench trial.

19. **Disclosure of non-party entities or persons:** Plaintiffs do not know of any other parties that may have an interest in this litigation. Defendants do not know of any other parties who have an interest in this litigation

20. **Other:** There are no other matters that may affect disposition of this action.

Respectfully submitted,

Dated: January 17, 2008          SALTZMAN & JOHNSON LAW CORPORATION


_____/s/_____
Muriel B. Kaplan
Attorneys for Plaintiffs


Dated: January 17, 2008          ATKINSON, ANDELSON, LOYA, RUUD & ROMO


_____/s/_____
David A Soldani
Attorneys for Defendants