Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARDS OF TRUSTEES; LES PROTEAU AND CHARLES DEL MONTE, AS TRUSTEES; AND DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES; <br><br> Plaintiffs, <br><br> v. <br><br> RANDY THOMPSON PAINTING, INC., a California Corporation, and RANDY RAY THOMPSON, an Individual, <br><br> Defendants. | Case No.: C07-4703 WHA <br><br> **JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that the Judgment may be entered in the within action in favor of the plaintiffs and against defendants RANDY

THOMPSON PAINTING, INC., a California corporation, and RANDY RAY THOMPSON, an individual, as follows:

1.  Defendants entered into a valid collective bargaining agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2.  Defendants have become indebted to the Trust Funds as determined by an audit of their payroll records, for amounts due and owing under the terms of the Collective Bargaining Agreement and Trust Agreements as follows:

| | |
|---|---|
| Net underpaid contributions for the period January 1, 2004 through December 31, 2005 | $38,652.07 |
| 10% Administrative Fee on overpayments for the period January 1, 2004 through December 31, 2005 | $177.41 |
| Liquidated Damages | $4,042.62 |
| Audit Fees | $629.00 |
| Attorneys Fees through 2/13/08 | $4,537.50 |
| **TOTAL** | **$48,038.60** |

3.  Defendants shall *conditionally* pay the amount of **$43,995.98** (the total, less $4,042.62 liquidated damages) upon timely compliance with all of the terms of this Stipulation as follows:

(a) Beginning on March 20, 2008, and continuing on or before the 20th of every month thereafter for a period of 12 months (through February 20, 2009), defendants shall pay to plaintiffs **$3,666.33** per month. Defendants shall have the right to increase the monthly payments at any time.

      (b)    Payments shall be applied first to interest at the rate of 7% per annum on the unpaid principal balance and liquidated damages, which become a part of the principal, in accordance with plaintiffs' Trust Agreements.

      (c)    Payments shall be made to the Bay Area Painters and Tapers Trust Funds, and delivered to Muriel B. Kaplan, Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA 94105 **on or before the 20th of each month as stated above**, or to such other address as may be specified by plaintiffs. In the event that any check is not timely submitted or submitted by defendants but fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default on the Judgment entered. If this occurs, plaintiffs shall make a written demand to defendants to cure said default. Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from plaintiffs. If defendants elect to cure said default, and plaintiffs elect to accept future payments, all such payments shall be made by cashier's check. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by plaintiffs.

4.    Beginning with contributions due for hours worked by defendants' employees during the month of February, 2008, and for every month thereafter until this judgment is satisfied, defendants **shall remain current in contributions** due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. **Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Muriel B. Kaplan at 415-882-9287, prior to sending the payment to the Trust Fund office.** Failure by defendants to remain current in their contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 7 shall apply. Any such unpaid or late paid

contributions, together with 10% liquidated damages shall be added to and become a part of this Judgment and subject to the terms herein, including the accrual of 7% per annum interest accrued on the total contributions and liquidated damages. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

5. Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendants, in writing, of any additional amounts owed pursuant to the Stipulation, which shall include, but not be limited to, any liquidated damages not waived and any additional attorneys fees and costs incurred in this matter as a result of the Defendant's breach. Said amount shall be paid with the last payment, on or before February 20, 2009.

6. Following clearance of defendants' 12th payment (or final payment, if sooner), which if timely paid shall not exceed $45,595, plus any amounts due under paragraph 4 above, shall satisfy all amounts due hereunder, plaintiffs agree, on their own behalf and on behalf of the entities for which they collect and distribute contributions under the terms of the Bargaining Agreement, that any claims by plaintiffs for any contributions owed by defendants for hours worked by employee James Doug Davis through April 20, 2007, shall be waived and forever released.

7. In the event that defendants fail to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 4 above, then,

(a) The entire balance of $48,038.60 plus interest, reduced by principal payments received by plaintiffs, but increased by any unpaid contributions then due, plus 10% liquidated damages and 7% per annum interest thereon as provided in above paragraph 4 shall be immediately due, together with any additional attorneys' fees and costs under section (d) below.

(b) A writ of execution may be obtained against defendants, in the amount of the unpaid balance, plus any additional amounts under the terms herein, following Plaintiffs' notice of default, and Defendants' failure to cure within the seven (7) days provided in the notice, as described below.. The writ shall be obtained without further notice upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendants and the balance due and owing as of the date of default. <u>Defendants specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein.</u>

(c) In the event of any default by Defendants, Plaintiffs shall give Defendants written notice thereof, sent to David Soldani, Esq. at dsoldani@aalrr.com, with a copy sent via facsimile to David Soldani at 559-225-3416, with a seven day period to cure. Thereafter, if the breach is not cured, the declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution. In that event, Defendants waive notice of entry of this judgment and expressly waive all rights to stay of execution and appeal.

(d) Defendants shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed by defendants to plaintiffs under this Stipulation.

8. Any failure on the part of the plaintiffs to take any action against defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendants of any provisions herein.

9. Plaintiffs specifically reserve all rights to bring a subsequent action against defendants for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods beginning January 1, 2006 and preceding the date of this

1  Stipulation, except as provided in paragraph 6 above. Defendants specifically waive the defense of
2  the doctrine of res judicata in any such action.

3      10.    In the event of the filing of a bankruptcy petition by defendants, the parties agree
4  that any payments made by defendants pursuant to the terms of this judgment, shall be deemed to
5  have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)
6  and shall not be claimed by defendants as a preference under 11 U.S.C. Section 547 or otherwise.
7  Defendants nevertheless represent that no bankruptcy filing is anticipated.

Dated: March 17, 2008       RANDY THOMPSON PAINTING, INC.

By: /s/ Randy Ray Thompson
Randy Ray Thompson, President

Dated: March 17, 2008       RANDY RAY THOMPSON

/s/ Randy Ray Thompson
Randy Ray Thompson, Individually

Dated: March 17, 2008       ATKINSON, ANDELSON, LOYA,
                     RUUD & ROMO

By: /s/ David Soldani
David Soldani
Attorneys for Defendants

Dated: March 18, 2008       SALTZMAN & JOHNSON
                     LAW CORPORATION

By: /s/ Muriel B. Kaplan
Muriel B. Kaplan
Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE